UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD ROE,<br><br>　　　　*Plaintiff*,<br><br>vs.<br><br>NEW YORK STATE BOARD OF LAW EXAMINERS,<br><br>　　　　*Defendant*. | Civil Action No.: _____<br><br><br>**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND EQUITABLE RELIEF AND NOMINAL NAMAGES** |

Plaintiff Richard Roe ("Plaintiff" or "Roe") alleges and states, on knowledge as it his own actions, and otherwise upon information and belief, as follows against Defendant New York State Board of Law Examiners (the "Board" or "BOLE"):

## NATURE OF THE ACTION

1. Plaintiff Roe has made multiple attempts to obtain additional test-taking time from the Board, all of which have been rejected based on the professional opinion of an unnamed expert.

2. Most recently, the Board rejected Roe's appeal related to two upcoming exams. In particular, the state-specific exam (NYLE) scheduled for December 15, 2022, and the bar exam scheduled for February 2023.

3. This Complaint seeks declaratory and injunctive relief, as well as nominal damages, based on the Board's violations of the Americans with Disabilities Act, as amended by the ADA Amendments Act ("ADAAA"), 42 U.S.C. §§ 12101 to 12213 (collectively, the "ADA"). Plaintiff also asserts similar claims under state and local laws. *See* New York State Human Rights Law, Executive Law §§ 290, 296.2(a), et seq.; New York City Human Rights Law, N.Y. Admin. Code § 8-101.

## INTRODUCTION

4. Plaintiff is a law school graduate who sought accommodations—additional test-taking time—in connection with two different exams administered by the Board under the Americans with Disabilities Act ("ADA").

5. Roe has applied twice for accommodations based on his diagnosis of Attention-deficit/hyperactivity disorder (ADHD)—which the Board rejected on the ground that Roe lacked sufficient documentation to establish a disability.

6. The Board summarily dismissed Roe's applications without much justification. And the latest denial, dated November 23, 2022, comes just a few *weeks* before the New York-specific exam (NYLE), which Plaintiff is registered to sit for.

7. In response to Plaintiff's thirteen-page appeal last month, the Board did not even try to explain much: "Your appeal…was considered by the members of the Board… I am directed by the Board to advise you that your appeal has been denied."

8. The Board's decisions are contrary to law and cannot stand. Worse, the decisions run fast and loose with clinical practice and established criteria under the DSM-V.

9. In sum, the Expert misconceived the definition of disability under the ADA. His analysis runs headlong into well-established principles governing the ADA. Even on clinical grounds, the Expert's opinion does not fare better when judged against the DSM criteria on ADHD diagnosis. If that weren't enough, even on the facts, the Synopsis makes glaring mistakes.

**PARTIES**

10. Plaintiff Richard Roe resides in New York, New York. Roe is a citizen of the State of New York.

11. The New York State Board of Law Examiners[1] is the state licensing entity/agency responsible for licensing and overseeing the practice of law throughout the State of New York. *See* N.Y. Judiciary Law §§ 53, 56, 90. The Board's principal address is Corporate Plaza, Building 3, 254 Washington Avenue Extension, Albany, New York 12203-5195.

---

[1] The individual members of the Board were not named as defendants in this action (in their official capacities), although Plaintiff defers to the Court as to whether they should also be added. *See* FRCP 17 (d) ("the court may order that the officer's name be added").

**JURISDICTION AND VENUE**

12.     The Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over the related claims arising under state/local laws pursuant to 28 U.S.C. § 1367(a).

13.     This Court has personal jurisdiction over the Board, and venue is proper within this District. 28 U.S.C. § 1391.

14.     This Court has jurisdiction to issue a declaratory judgment, 28 U.S.C. § 2201(a), and further relief as well, *see* 28 U.S.C. § 2202.

**FACTUAL ALLEGATIONS**

15.     Roe was first diagnosed with ADHD (as an adult) in his second year of law school on or about May 13, 2021, by Dr. Mark McCormick, MD, a psychiatrist. Roe is substantially limited in his major life activities, including reading, concentration, and focus.

16.     Roe does not have traditional documentation similar to other individuals with ADHD, for several reasons, which he explained to the Board in great detail (in his written statements). For example, Roe's personal background as an Arab-American and Muslim—the son of immigrants—in part explained why his parents would not have sought diagnosis or treatment for him as a child regardless of whether he presented ADHD-like symptoms and so on.[2]

**The First Application for Test-Taking Accommodations**

17.     Roe first applied for accommodations on April 27, 2022, seeking additional time on the bar exam in July 2022 and the NYLE scheduled for September 2022.

---

[2] Neha M. Sampat & Esme V. Grant, The Aspiring Attorney with ADHD: Bar Accommodations or a Bar to Practice, 9 Hastings RACE & POVERTY L.J. 291, 292–94 (2012) ("In fact, because of their cultural background, Sasha's family did not recognize the diagnosis of ADHD. *Even as an adult*, her family rejected the diagnosis and felt it was an excuse for a poor work ethic") (emphasis added).

4

18. Among other things, Roe provided the following in support: (i) testing scores from the LSAT and SAT; (ii) school transcripts (high school, college, and law school transcripts); (iii) medical records, including a letter from Roe's treating psychiatrist and diagnostic testing; (iv) records related to law-school testing accommodations; and (v) a two-page personal statement.

19. For the most part, the weight of information confirmed Roe's ADHD diagnosis. Consider his performance on the SAT, along with LSAT, fell well below average; for instance, on the LSAT, Roe's score was in the 21st percentile (on the first attempt).

20. The Board denied Roe's application, "conclud[ing] that the documentation provided does not sufficiently establish the existence of a disability under applicable law that would require accommodation…" in a letter, dated June 2, 2022. Aside from this opening statement, the rest of the letter went on to provide general disclaimers.

21. Critically, the Board contracted "an expert consultant with comprehensive training and experience" who evaluated Roe's application. The Board offered a "synopsis of [that] report"—basically, a two-page write-up—for "greater detail" on its line of reasoning.

22. The Synopsis concluded that Roe's "documentation does not reflect or substantiate a magnitude of symptoms or longstanding and pervasive functional impairment that would support an ADHD diagnosis…"

23. The Synopsis emphasized the lack of third-party information, asserting that Roe "provided little evidence beyond self-report that any ADHD-like symptoms resulted in the degree of developmentally deviant global impairment." It faulted Roe for the lack of "report cards from K through 8, firsthand teacher comments, documentation from any tutors… documentation of any educational or clinical interventions… or past job performance reviews."

5

24. When faced with any documentation that supported an ADHD diagnosis—say, Roe's substandard performance in school for years—the Expert conveniently concluded that it could be explained by "any number of reasons…" (and not ADHD). The Expert basically cast Roe's academic shortcomings as trivial—nothing more than "a couple of low grades," in its own words.

25. Recall that Roe has historically performed poorly on standardized exams. *See* supra ¶ 18. That did not stop the Expert from rewriting the facts, concluding "[Roe] also scored within the Average range on both the LSAT and SAT without accommodations."

26. The Synopsis never mentioned Roe's personal background, upbringing, or the fact that (by his own admission) Roe could not provide certain records because of these personal circumstances. From the looks of it, the Synopsis does not contain any words related to Muslims, the Middle East, immigrant communities, Arab culture, or any other cultural considerations—despite its center-role in Roe's personal statement, including citations to peer-reviewed journals in footnote.

27. Roe did not appeal the Board's June 2 decision and ultimately withdrew from the bar exam scheduled in July.

28. Around that time, Roe also took the NYLE exam on June 16, 2022, without any accommodations, and he failed it with a score of 26.

/ / /

**The Second Application for Test-Taking Accommodations**

29. Once again, Roe applied for accommodations on September 16, 2022. In attempting to eliminate any concerns based on the first Synopsis, Roe also supplied additional third-party information and corroborative evidence, including a paginated appendix.

30. Recall, for example, that the Expert emphasized Roe's lack of records from primary and secondary education in June. Thus, in the ensuing months since then, Roe contacted all of his former primary and secondary schools to request copies of records. Roe provided printed copies of each school's response to the Board, all of which said the same thing: "Sorry, we don't have anything."

31. Roe provided objective, credible information—that could be verified— to further evidence his ADHD diagnosis with straightforward examples directly from the DSM-V.

32. As for medical records, Roe's second application was augmented an additional dozen pages from his then-treating psychiatrist.

33. Note that, by this point, not only have two separate treating doctors confirmed the existence of Roe's ADHD diagnosis, one of them is still actively treating him for ADHD.

34. Once again, the Board denied Roe's second request for substantially similar reasons as explained above in a letter, dated October 26, 2022. It mostly relied on the judgment of the same Expert, who authored a one-page synopsis that was enclosed. All told, this second attempt didn't affect much either way: "In short, all the weaknesses described in the first report still apply and have not been adequately addressed[,]" concluded the Synopsis.

35. Roe appealed the Board's second decision in a written appeal/petition, dated November 7, 2022, as previously mentioned. The Board, however, rejected that attempt a few weeks ago, leaving Plaintiff with little recourse other than filing suit.

## CAUSES OF ACTION

**COUNT ONE:**     **Failure to Provide a Reasonable Accommodation in Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq.**

36.     Plaintiff incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

37.     Plaintiff is a qualified individual under federal law. 42 U.S.C. § 12101.

38.     Plaintiff requested accommodations from the Board. 42 U.S.C. § 12189.

39.     The Board has repeatedly refused Roe's requests despite good-faith attempts in violation of the ADA, which constitutes discrimination. *See* 42 U.S.C. §12182(b)(2)(A)(ii).

40.     The Board has run afoul of federal regulations in demanding voluminous documentation from exam applicants. 28 C.F.R. § 36.309 (b)(1)(iv) ("Any request for documentation, if such documentation is required, is reasonable and limited to the need").

41.     As a result, Plaintiff Roe has suffered damages.

**COUNT TWO:**     **Violation of New York Human Rights Law, Executive Law §§ 290, 296.2(a), et seq**

42.     Plaintiff incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

43.     The Board is subject to the New York Human Rights Law.

44.     The Board's repeated refusals of Roe's requests are contrary to state law similar to Roe's federal claim.

45.     As a result, Roe has suffered damages.

/ / /

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court find against the New York State Board of Law Examiners, as follows:

A. For preliminary and permanent injunctions, enjoining and restraining the Board from refusing to grant Roe's requested accommodations;

B. For declaratory relief/judgment that Roe is entitled to accommodations under the Americans with Disabilities Act;

C. An award of nominal damages for the Board's violation of federal and state law

D. Any reasonable costs and fees; and

E. Any other relief the Court deems just and proper.

Respectfully submitted,

Dated: December 5, 2022

/s/_____
Plaintiff