**FILED UNDER SEAL**

December 5, 2022

**VIA EMAIL**

U.S. District Court, Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:    <u>Letter Motion to Proceed Under Pseudonym and Temporary Protective Order</u>
          *Richard Roe v. New York State Board of Examiners,* Civil Action No.

Greetings:

Please accept this letter-motion by Plaintiff Richard Roe in the above-referenced action, respectfully requesting (1) leave to proceed under pseudonym and (2) a temporary protective order to file documents under seal with his forthcoming motion for preliminary relief/temporary restraining order (TRO), given the current time constraints further described below.[1] Ultimately, Plaintiff does not object to un-sealing the record with redactions once parties have a sufficient time to meaningfully prepare and appear before this Court.

Plaintiff intends to file and seek preliminary injunctive relief from the Court in connection with Defendant's examination (NYLE) scheduled for December 15, 2022. Thus, after these initial filings are accepted, a motion will shortly follow.

At the heart of this dispute is whether Plaintiff has a qualifying disability under the Americans with Disabilities Act (ADA), as detailed in the Complaint. It is not about, say, the reasonableness of certain accommodations. Nevertheless, Roe does not have a traditional paper trail (as those with disabilities) to substantiate his diagnosis, in part because of his personal and family background as a Muslim and Arab-American. More or less, Roe never grew up with an understanding that mental health should be approached with skepticism.

All of that is to say that, in lieu of clinical testing to prove a disability, Plaintiff has been required to disclose extensive personal information about both his childhood and adult life, particularly his challenges related to his disability, which he would like to further explain to the Court (in his forthcoming TRO motion). Plaintiff has provided extensive records, including medical and school records, to Defendant. Given the short turnaround between now and December 15—only ten days—Plaintiff seeks a protective order until parties have a chance to redact filing and so on.

---

[1] This letter motion is filed under seal pursuant to Standing Order (21-MC-13) for the Southern District.

For starters, Federal Rule of Civil Procedure 10(a) provides that the "title of the complaint must name all the parties…" Courts, however, have carved certain exceptions to this requirement depending on the circumstances. *See, e.g., Doe v. Massachusetts Inst. of Tech*., 46 F.4th 61, 71 (1st Cir. 2022) (describing one type of exception where "anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated").

As a preliminary matter, there is a distinction between the use of a pseudonym, as here, with the use of litigating under seal altogether. To be sure, a party's pseudonymity, in and itself, does not erode the right to open courts. Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353, 1369 (2022) ("Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them") (citations omitted).

In the Second Circuit, courts consider ten non-exhaustive factors in determining whether to permit a plaintiff to proceed under seal or anonymously. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008).[2] The Court does not need to "list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id*. at 191 n.4.

Most of these factors support Plaintiff, and it's unclear as to how his anonymity would prejudice Defendant. In other words, Plaintiff's need for anonymity outweighs public interest in this matter and any potential prejudice to the Defendant. Of course, anonymity will still allow the public access to follow or monitor this case and its outcome. That is not at issue.

---

[2] The factors are the following:

1. whether the litigation involves matters that are highly sensitive and of a personal nature;

2. whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

3. whether identification presents other harms and the likely severity of those harms;

4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of the plaintiff's age;

5. whether the suit is challenging the actions of the government or that of private parties;

6. whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated;

7. whether the plaintiff's identity has thus far been kept confidential;

8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

9. whether, due to the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Moreover, a party's privacy interests are important, too, in light of federal law's treatment of such records as confidential under HIPAA and FERPA, among other examples. *See* Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191 (1996); *e.g.,* Family Educational Rights and Privacy Act of 1974 (FERPA), 88 Stat. 571, 20 U.S.C. § 1232g.

Individuals do not bring suit against the Board very often, as relevant here. Perhaps it's because doing so requires significant resources, energy, and effort by a plaintiff-student. Tellingly, in this Circuit, the Board has only been named once as a defendant in the past twenty-something years—and even there, the plaintiff was anonymous. *T.W. v. New York State Bd. of L. Examiners*, 996 F.3d 87 (2d Cir. 2021).

Beyond all of that, if Plaintiff is required to disclose his identity, he will probably *not* proceed with this case. All the while, that would allow the Board to continue operating under the radar in its decisionmaking and construction of the Americans with Disabilities Act.

Finally, if the Court denies this motion, Plaintiff respectfully requests an opportunity to file a more formal, detailed motion to explain his arguments. Alternatively, if the court denies the motion in its entirety (without any type of relief), Plaintiff respectfully requests an opportunity to withdraw and dismiss his case before it appears on the public/online docket.

Respectfully,

/s/
Richard Roe
Plaintiff