```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                :
RICHARD ROE,                                    :
                                                :
                        Plaintiff,              :
                                                :                22 Civ. 10298 (JPC)
        -v-                                     :
                                                :                     ORDER
NEW YORK STATE BOARD OF LAW EXAMINERS,          :
                                                :
                        Defendant.              :
                                                :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

This case concerns Defendant New York State Board of Law Examiner's refusal to grant an aspiring lawyer extra time on the New York Law Examination (NYLE) and the Uniform Bar Examination. *See* Dkt. 2 ("Compl.") ¶ 1-2. That aspirant, the Plaintiff in this case, has filed a letter making two requests to preserve his privacy. Dkt. 3. First, he requests leave to proceed under the pseudonym "Richard Roe." *Id.* at 1. Second, because the NYLE is scheduled to take place next Thursday, he requests leave to file his anticipated motion for preliminary relief initially under seal, with the understanding that it will be re-filed on the public docket once the parties have been given adequate time and opportunity to submit proposed redactions. *Id.* These requests are each granted.

The Second Circuit has promulgated a non-exhaustive list of the factors that may be relevant to whether a district court should permit a plaintiff to proceed under a pseudonym:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of

>private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008). Many of these factors weigh in favor of preserving Plaintiff's pseudonymity. This litigation, according to the allegations, may implicate sensitive, personal matters—namely, the mental health issues that Plaintiff contends entitle him to extra time on the exams Defendant administers. Furthermore, given that Plaintiff alleges that his "personal background as an Arab-American and Muslim" was in part responsible for his lack of a traditional diagnosis of ADHD, Compl. ¶ 16, his personal background may make him particularly vulnerable to the harms of disclosure. Plaintiff is challenging government action rather than the actions of a private citizen, and thus far his identity has remained confidential. Defendant is obviously aware already of Plaintiff's identify, since Plaintiff has repeatedly requested that Defendant provide him with extra time on his exams, *see* Compl. at 17-35, but Defendant will not suffer any prejudice were Plaintiff's identity to remain shielded from the public, at least initially. And while the public has a legitimate interest in ensuring the fairness of Defendant's procedures for admitting lawyers to the bar, disclosure of Plaintiff's particular identity would not further that legitimate public interest. Lastly, given the nature of the issues in dispute in this case, the Court is unaware of any alternative measures that could preserve Plaintiff's confidentiality.

While the remaining factors do not necessarily weigh in Plaintiff's favor, they also do not provide any compelling reason why Plaintiff should be required to disclose his identity. Disclosure is unlikely to risk retaliatory harm, nor would it likely cause the very injury litigated against, but

the absence of such additional harms does not lessen Plaintiff's genuine interest in preserving the privacy of his mental health diagnosis. And while this case does not present purely legal issues, and thus the public does not for that reason have an atypically weak interest in Plaintiff's identity, as mentioned the public's legitimate interest in this litigation would for other reasons not be substantially hindered by ignorance of Plaintiff's identity. Because based on Plaintiff's submissions the overall balance of these factors appears to weigh in favor of preserving his confidentiality, at this point he is granted leave to proceed as "Richard Roe." Nonetheless, Defendant has not yet appeared in this case. The Court may revisit its ruling on pseudonymity to the extent that Defendant presents reasons for denying Plaintiff's request that were not considered in issuing this Order.

Plaintiff seeks leave to file his anticipated motion for preliminary relief under seal not on a permanent basis but rather only because the short timeframe on which the relief he seeks would need to be granted—the NYLE is scheduled for December 15—would make preparing redactions impractical at this time. The Court agrees that briefing and deciding the appropriate scope of those redactions should be deferred to a time when no other pressing deadlines require attention in this case. For that reason, Plaintiff is granted leave to file his anticipated motion for preliminary relief, and any supporting documentation, under seal. Nonetheless, those documents will be filed publicly at some future point, and they shall then be redacted only to the extent that either party requests redactions and justifies them pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and other relevant authorities. And the Court cautions Plaintiff that he cannot be guaranteed that all portions of those documents that he seeks to redact will be redacted.

For the foregoing reasons, Plaintiff is granted leave to proceed pseudonymously and is granted leave to temporarily file his anticipated motion for preliminary relief under seal. The Clerk of Court is respectfully directed to mail copies of this Order to the New York State Attorney

General, 28 Liberty Street, 16th Floor, New York, NY 10005 and to the New York State Board of Law Examiners, Corporate Plaza, Building 3, 254 Washington Avenue Extension, Albany NY 12203.

SO ORDERED.

Dated: December 9, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge