December 28, 2022

**VIA EMAIL**

The Honorable John P. Cronan
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    <u>Plaintiff's Response to Defendant's Jurisdictional Arguments</u>
                *Roe v. New York State Board of Law Examiners*, 1:22-cv-10298 (JPC)

Dear Judge Cronan:

      Please accept this letter by Plaintiff Richard Roe, proceeding *pro se* and under pseudonym, in the above-referenced matter in connection with the Court's order following the hearing on the order to show cause on December 14, 2022. ECF Dkt. 13 ("OSC"). As explained in greater detail below, Plaintiff wishes to proceed with this action, and requests the Court's direction or permission to amend his Complaint to name members of the individual Board.

    I.    <u>**Background**</u>

      This lawsuit follows the Defendant New York State Board of Law Examiner's ("Board") refusal to grant an exam applicant—this plaintiff—additional time for examinations under the Americans with Disabilities Act ("ADA"), as a qualified individual. Complaint ECF Dkt. 2 ("Compl.") ¶¶ 1–9. The suit mainly seeks injunctive or equitable relief, which is in part why the Complaint named the Board as the only named defendant currently (and not its individual members). *See Compl.* ¶ 11, n.1 (expressing is deference to the Court as to whether individual members should also be named).

      Shortly after suing, Plaintiff filed a request for a temporary restraining order or preliminary injunction on December 12, 2022, in connection with the then-upcoming exam scheduled for December 15. ECF Dkt. 12. The next day, the Court issued an order to show cause and set a hearing for a day later, December 14 (one day before the exam). ECF Dkt. 13. On the day of the hearing, the Board filed as response in opposition to Plaintiff's request, raising various jurisdictional arguments. ECF Dkt. 17.

      The Court ultimately denied Plaintiff's TRO in an oral decision on December 14. Since Plaintiff could not consider the lack-of-jurisdiction arguments, however, the Court directed him to file a letter in response, as well as to advise whether he wished to proceed with this action. *See* ECF Dkt. 17 at 2–4. The Court set Plaintiff's response to be no more than five pages and due today, December 28; the Board's reply is due a few days later.

**Hon. John P. Cronan**
December 28, 2022
No. 1:22-cv-10298 (JPC)

## II. Recap: The Board's Jurisdictional Arguments

The government argues that sovereign immunity precludes any review by federal courts, as here. It makes two points. *First*, the Eleventh Amendment bars private suits against the state, which would apply to the Board as a state agency and so it is entitled to sovereign immunity. ECF 17 at 3. *Second*, as for *Ex parte Young*—one exception to sovereign immunity—the Board concludes that it is inapplicable on the theory that "state courts have exclusive jurisdiction" in the context of "bar admissions." *Id.* at 4.

## III. Guiding Legal Principles

As a general rule, states are immune from suit under the Eleventh Amendment and sovereign immunity principles. But that "does not bar all judicial review of state compliance with the Constitution and valid federal law." *Alden v. Maine*, 527 U.S. 706, 755 (1999). As the Board acknowledges, *see* ECF Dkt. 17 at 2–3, there are exceptions—most commonly: (1) where Congress has abrogated that immunity under the Constitution; (2) a state has waived its Eleventh Amendment immunity by consenting to suit; or (3) the plaintiff sues a state official in his or her official capacity for prospective injunctive relief under the *Ex parte Young* doctrine. *See generally Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254 (2011); *see also Whole Woman's Health v. Jackson*, 142 S.Ct. 522, 531–33 (2021).

## IV. Analysis: Plaintiff's Principal Response

As discussed below, *Ex parte Young* provides an adequate exception to Eleventh Amendment immunity, and as applied here, enables this Court to maintain subject-matter jurisdiction without issue.[1]

### A. *Ex parte Young:* Background

"The doctrine of *Ex parte Young*, which ensures that state officials do not employ the Eleventh Amendment as a means of avoiding compliance with federal law, is regarded as carving out a necessary exception to Eleventh Amendment immunity." *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citing *Green v. Mansour*, 474 U.S. 64, 68 (1985)).

Relevant here, courts in the Second Circuit have applied *Ex parte Young* in analogous contexts to this case. *See, e.g., Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 86 (2d Cir.), opinion corrected, 511 F.3d 238 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III [of the ADA]; he cannot recover

---

[1] Plaintiff does not address the Eleventh Amendment issue in great detail since the *Ex parte Young* exception (if applicable) would allow the Court to avoid ruling on any constitutional question. *See Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 146 (2d Cir 2013) ("this Court can avoid adjudication of the Eleventh Amendment issue by permitting the appellant to amend her complaint to name a state official in his official capacity as a defendant") (cleaned up). Besides, while Plaintiff tentatively agrees on this point, depending on Defendant's further development/analysis of sovereign immunity, he reserves the right to challenge it and so on.

**Hon. John P. Cronan**
December 28, 2022
No. 1:22-cv-10298 (JPC)

damages."); *Rosquist v. New York Univ. Med. Ctr.*, 1998 WL 702295, at *14 (S.D.N.Y. Oct. 7, 1998), aff'd on other grounds, 199 F.3d 1323 (2d Cir. 1999) ("[government-employee defendants] may be sued in their official capacity only for declaratory and injunctive relief and they may also be sued in their personal capacity for damages"); *see also Floyd v. Filipowski*, 2022 WL 2657173, at 6–7 (S.D.N.Y. July 8, 2022) (collecting Second Circuit cases).

      B.  *Ex parte Young:* Application

"In determining whether a litigant's claim falls under the *Ex parte Young* exception," as the Second Circuit has explained, "we ask two questions: whether the complaint (1) alleges an ongoing violation of federal law; and (2) seeks relief properly characterized as prospective." *Vega v. Semple*, 963 F. 3d 259, 281 (2d Cir. 2020) (citing *Verizon Md., Inc. v. Public Serv. Comm'n of Maryland*, 535 U.S. 635, 636 (2002) (internal quotation marks omitted)).

*Prospective relief.* At first, the Board seems to follow the two-step inquiry: It concedes that "Plaintiff seeks prospective relief in his Complaint and TRO," which presumably satisfies part of the question. ECF Dkt. 17 at 4. To that end, Plaintiff seeks "prospective injunctive relief [which] may proceed in federal court against state officers in their official capacities under the doctrine established in *Ex parte Young*, 209 U.S. 123 (1908)." *Mamatkulov v. City Univ. of New York*, 2022 WL 2392433, at *2 (S.D.N.Y. July 1, 2022); *see also Vega*, 963 F. 3d at 282 ("relief that serves directly to bring an end to a present violation of federal law"). Moreover, contrary to the Board's claims,[2] "*Penhurst* does not compel dismissal of claims for prospective relief against state officers in their official capacities for alleged violations of federal law." *Vega v. Semple*, 963 F. 3d 259, 284 (2d. 2020) (cleaned up).

*Federal law violation.* As mentioned, the Board's analysis overlooked the question of violating federal law. Instead, the Board mostly focused on the novel theory that Defendant is immune from judicial review in federal court. On the Board's account, test-taking accommodations fall within the ambit of "bar admission matter[s]," and thus once the Board renders a decision, it equates to "a final judgment in a bar admission matter." ECF Dkt. 17 at 4. Plaintiff's Complaint identifies multiple statutory provisions of the ADA— 42 U.S.C. §§ 12189, 12182(b)(2)(A)(ii)—thereby satisfying this criterion.

In conclusion, for all these reasons, Plaintiff seeks to proceed in this suit under the *Ex parte Young* exception and requests the Court's permission to amend his Complaint to include individual members in their official capacities. More or less, it is unclear whether this letter is sufficient, or whether a formal motion is necessary; Plaintiff defers to the Court either way.

Thank you very much.

---

[2] ECF Dkt. 17 at 2–3 ("The jurisdictional bar of the Eleventh Amendment applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (internal quotation marks and alterations omitted).

**Hon. John P. Cronan**
December 28, 2022
No. 1:22-cv-10298 (JPC)

                                      Very truly yours,

                                      /s/
                                      Richard Roe
                                      Plaintiff